IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR GUARANTY BANK, § § § § Plaintiff, § § v. § § ALLY SECURITIES LLC; GOLDMAN, SACHS & CO.; DEUTSCHE BANK SECURITIES INC.; J.P. MORGAN SECURITIES, LLC; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., and THE BEAR STEARNS COMPANIES, LLC; § § § § § § § § Defendants. § | Civil Action No. _____ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. § 1446, defendant Deutsche Bank Securities Inc. ("DB") hereby removes the above-captioned action to this Court from the 200th Judicial District, District Court of Travis County, Texas, where it was pending under Cause No. D-1-GN-12-002522. This action is removable under 28 U.S.C. § 1441(a) because it falls within the original jurisdiction of this Court pursuant to 12 U.S.C. § 1819 (Financial Institutions Reform, Recovery, and Enforcement Act of 1989).

**I.     PROCEDURAL HISTORY AND BACKGROUND**

1.      On August 21, 2009, Guaranty Bank was closed by the Office of Thrift Supervision (now part of the Office for the Comptroller of the Currency). On the same day, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver.

2.      Nearly three years later, on August 17, 2012, the FDIC as receiver for Guaranty Bank filed Plaintiff's Original Petition for Damages (the "Petition") in the District Court of

Travis County, Texas (the "State Court Action").  The State Court Action was assigned Case No. D-1-GN-12-002522.  All pleadings, processes and orders served on DB in the State Court Action will be timely supplemented.  Attached is a copy of the live pleading, Plaintiff's Amended Petition.

3. The State Court Action is based on Guaranty Bank's purchases of certain residential mortgage-backed securities, or RMBS.  An RMBS transaction is a type of "securitization."  (*See* Petition § 5.)  In a securitization, a trust owning a pool of residential mortgage loans issues securities backed by those mortgages.  (*Id.* ¶¶ 15-17.)  An entity called the "sponsor" assembles the pool from among loans it originates or acquires.  (*Id.* ¶ 22.)  The sponsor then sells the loans to the "depositor."  (*Id.*)  The depositor then creates the trust and conveys the mortgage loans to the trustee.  (*Id.*)  The trust sells the securities—typically referred to as "certificates"—to investors.  (*Id.* ¶ 17.)  Each certificate entitles its holder to an agreed upon share of the cash flow from the loans in the pool.  (*Id.*)

4. In the State Court Action, Plaintiff originally sought recovery from Ally Securities LLC; Goldman, Sachs & Co.; Deutsche Bank Securities Inc.; J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc., and The Bear Stearns Companies, LLC; under the Securities Act of 1933 (the "Securities Act") and the Texas Securities Act ("TSA"). Plaintiff alleged that Guaranty Bank purchased RMBS certificates in a number of offerings in which the named Defendants, or their predecessors, acted as either issuer, underwriter, seller or depositor in the relevant offerings.

5. Plaintiff further alleged that Defendants made untrue or misleading statements in the sale of securities and/or in registration statements pursuant to which certificates were issued.

6. On September 20, 2012, Defendant Ally Securities, LLC ("Ally Securities") filed a Notice of Removal with this Court.  On December 5, 2012, Judge Sparks remanded the case

back to the state court. In his order on remand, Judge Sparks held that (1) the case could not be removed under § 1819, and (2) "[b]ecause the 1933 Act expressly prohibits removal of 1933 Act Claims," the inclusion of non-removable claims under the 1933 Act prevented removal under § 1441(a). (Order [Docket No. 105] at 5-6.) The Court specifically noted, however, that "because the FDIC is a party, § 1819(b)(2)(A) ensures the Court has jurisdiction." (Order [Docket No. 105] at 4.).

7.     After remand, Travis County District Judge, Amy Clark Meachum was assigned to hear the case. The defendants have answered, served written discovery responses, and moved for summary judgment. The summary judgment briefing is complete, and a hearing was held on January 7, 2014, before the FDIC filed its motion to sever the J.P. Morgan Defendants[1]. The court has not yet issued a ruling.

8.     On October 23, 2013, Ally Securities, along with its affiliate, Ally Financial (collectively "Ally") and the FDIC publicly announced a full and final settlement of all claims brought against Ally in this litigation by FDIC/Guaranty. On December 6, 2013, the FDIC and Ally Securities jointly moved to sever FDIC's claims and causes of action against Ally Securities. On December 17, 2013, the court granted that motion.

9.     Thereafter, on January 13, 2014, the court signed an order severing the J.P. Morgan Defendants from the case as a result of a settlement entered into with the FDIC. The only remaining defendants are Goldman Sachs & Co ("Goldman Sachs") and DB. All of Plaintiff's federal claims have been severed from this action. Plaintiff's claims against Goldman Sachs and DB arise solely under the TSA.

---

[1]   The J.P. Morgan Defendants are J.P. Morgan Securities LLC, Structured Asset Mortgage Investments II Inc., and the Bear Stearns Companies LLC.

**II.     BASIS OF REMOVAL**

10. The State Court Action may be removed pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").

11. As Judge Sparks previously held, the State Court Action arises under the laws of the United States by virtue of the FDIC's involvement as a party. *See* 12 U.S.C. § 1819(b)(2)(A) (FIRREA provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States"). FIRREA also states that the FDIC may "sue and be sued, and complain and defend, . . . in any court of law or equity, State or Federal," 12 U.S.C. § 1819(a), which the Supreme Court has held independently "grant[s] original federal jurisdiction." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 254-55 (1992) ("sue and be sued" clause in Red Cross charter conferred original jurisdiction on district court, and same (confirming) language in FDIC charter also conferred original jurisdiction) (citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 455-56 (1942)); *see also Griffin v. Fed. Nat'l Mortg. Ass'n*, No. 2:10-CV-00306, 2010 WL 5535618, at *1-2 (E.D. Tex. Dec. 9, 2010) (same with respect to "sue and be sued" clause in Fannie Mae charter). Thus, FIRREA, which indisputably applies to the State Court Action, confers original jurisdiction on this Court. *See also* 28 U.S.C. § 1331.

12. In the Court's December 5, 2012 Order of remand, Judge Sparks specifically found that it was the existence of Plaintiff's federal securities laws claims against the J.P. Morgan Defendants that prevented removal to federal court under the general removal statute even though FIRREA conferred on the federal courts original jurisdiction.[2] The Court noted that

---

[2] Section 22(a) of the Securities Act of 1933 states that "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a).

4

§ 1441(a) "opens with an important caveat: '*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . .'" (Order [Docket No. 105] at 5.) The Court therefore held that "[b]ecause the 1933 Act expressly prohibits removal of 1933 Act claims, § 1441(a) does not authorize removal in this case." (*Id*. at 6.)

13. The recent severance of the claims against Ally and the J.P. Morgan Defendants has taken away the only barrier to removal under the general removal statute. Based on the foregoing jurisprudence, and given that FIRREA confers original jurisdiction to the federal court by virtue of the FDIC's presence in the State Court Action, DB removes the entirety of the State Court Action to this Court.

### III. OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

14. DB denies liability in this Action and, in removing the State Court Action, preserves any and all claims and defenses. *See, e.g.*, *Thompson v. Cartlidge*, 158 F.3d 583 (table), 1998 WL 648514, at *1 (5th Cir. 1998) ("Courts have consistently held . . . that, '[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction.'" (citation omitted)).

15. DB is authorized to inform this Court that Goldman Sachs, the only other remaining defendant, consents to removal. DB understands that counsel for Goldman Sachs will file a joinder or other pleading documenting that consent.

16. As noted above, the Court severed Ally and the JP Morgan Defendants, and thereby this action became removable, on January 13, 2014. Thus, DB has timely filed this Notice of Removal within 30 days. *See* 28 U.S.C. § 1446(b)(3) (providing for removal within 30 days from service of the pleading upon which removal is based).

17. The 200th Judicial District, District Court of Travis County, Texas, is within the geographical boundaries of the United States District Court for the Western District of Texas, Austin Division. *See* 28 U.S.C. § 124(d).

18. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing of Notice of Removal with the Clerk of the 200th Judicial District, District Court of Travis County, Texas, and serve all parties with a copy of this Notice of Removal.

19. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

## IV.   CONCLUSION

20. For the reasons set forth above, this action is properly removed from the 200th Judicial District, District Court of Travis County.

Dated:  February 7, 2014                    Respectfully submitted,

RATLIFF LAW FIRM PLLC

By:   */s/ Shannon H. Ratliff*
Shannon H. Ratliff
State Bar No. 16573000
sratliff@ratlifflaw.com
Lisa A. Paulson
State Bar No. 00784732
lpaulson@ratlifflaw.com
600 Congress Avenue, Suite 3100
Austin, TX 78701-2984
Tel: 512.493.9600
Fax: 512.493.9625

SIMPSON THACHER & BARTLETT LLP
Thomas C. Rice (pro hac vice)
NY Reg. No. 1829829
trice@stblaw.com
Andrew T. Frankel (pro hac vice)
NY Reg. No. 2409423
afrankel@stblaw.com
Alexandra C. Pitney (pro hac vice)
NY Reg. No. 4736906
lpitney@stblaw.com
425 Lexington Avenue
New York, New York 10017-3954

Tel: (212) 455-2000
Fax: (212) 455-2502

*Attorneys for Defendant Deutsche Bank Securities Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2014, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court, and has been served via certified mail, return receipt requested, on the following counsel of record:

Thomas H. Watkins
tom.watkins@huschblackwell.com
Daniel R. Smith
daniel.smith@huschblackwell.com
HUSCH BLACKWELL, LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701

*Attorneys for Plaintiffs*

Bruce D. Oakley
bruce.oakley@hoganlovells.com
HOGAN LOVELS US LLP
700 Louisiana St., Suite 4300
Houston, Texas 77002

*Attorneys for Defendant Goldman Sachs & Co.*

David J. Grais
dgrais@graisellsworth.com
Mark B. Holton
mholton@graisellsworth.com
GRAIS & ELLSWORTH, LLP
1211 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiffs*

Richard H. Klapper
klapperr@sullcrom.com
Theodore Edelman
edelmant@sullcrom.com
Tracy Richelle High
hight@sullcrom.com
Kamil Redmond
redmondka@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

*Attorneys for Defendant Goldman Sachs & Co.*

                                          */s/ Shannon H. Ratliff*
                                          Shannon H. Ratliff