IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for GUARANTY BANK, | § § § § | |
| *Plaintiff*, | § § | CIVIL NO. 1-14-CV-129-XR |
| v. | § § § | |
| DEUTSCHE BANK SECURITIES, INC., | § § § | |
| *Defendant*. | § | |

**ORDER ON MOTIONS TO EXCLUDE EXPERT TESTIMONY**

On this date, the Court considered the remaining motions to exclude expert testimony pending in this case. A previous order decided the motion of Plaintiff Federal Deposit Insurance Company ("FDIC") to exclude John Contino and the motions of Defendant Deutsche Bank Securities, Inc. ("Deutsche Bank") to exclude John Finnerty and Stephen Ryan. Docket no. 216. That order set out the relevant factual and procedural background in this case, which the Court does not restate here. Now, the Court will decide the remaining motions concerning Norman Miller (docket no. 189) and Dawn Molitor-Gennrich (docket no. 191).

This case is related to *FDIC v. RBS Securities, Inc.*, No. 1-14-126-XR. The parties filed identical motions, responses, and replies in the two cases. The Court's analysis of these motions in *RBS* is thus identical to its analysis of the motions in *Deutsche Bank*. Accordingly, the Court adopts the reasoning of the order in *RBS* on the motions to exclude Miller and Molitor-Gennrich. *See FDIC v. RBS Securities, Inc.*, No. 1-14-126-XR, ECF No. 223.

Here, however, the Court must address one additional argument applicable here but not applicable in *RBS*. Deutsche Bank argues that, even if Molitor-Gennrich's testimony is relevant generally, it is not relevant to one of the certificates underwritten by Deutsche Bank. Docket no. 191 at 27. Unlike the other certificates, Deutsche Bank claims that this certificate, the INDX Certificate, does not represent that the underlying appraisals complied with USPAP. Since Molitor-Gennrich's testimony concerns compliance with USPAP, Deutsche Bank thus argues her testimony is not relevant with respect to the INDX Certificate. In response, the FDIC argues the INDX Certificate's prospectus supplement stated the underlying mortgage loans were originated in compliance with underwriting guidelines, and those guidelines require the appraisals of the properties that secured the mortgage loans to comply with USPAP. Docket no. 201 at 20. In turn, Deutsche Bank counters that the section of the supplement the FDIC cites concerns loan origination, not appraisal standards, and these loan origination guidelines might not even apply to the loans at issue because some of these loans were originated by originators other than IndyMac. Docket no. 215 at 13.

For the reasons the Court stated in its *RBS* order, Molitor-Gennrich's testimony is relevant. As to the INDX Certificate, Deutsche Bank can argue this issue to the jury. If after hearing all evidence in this case, Deutsche Bank wishes to move for a directed verdict as to any alleged misrepresentation of USPAP compliance in the INDC Certificate's prospectus supplement, the Court will consider the issue at that time.

## CONCLUSION

For the foregoing reasons and those set out in *FDIC v. RBS Securities, Inc.*, No. 1-14-126-XR, ECF No. 223, Defendant Deutsche Bank's motion to exclude the testimony of Norman Miller (docket no. 189) is DENIED.

Further, Defendant Deutsche Bank's motion to exclude the testimony of Dawn Mollitor-Gennrich (docket no. 191) is DENIED.

It is so ORDERED.

SIGNED this 26th day of March, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE