# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE

NEW YORK, NY 10017-3954

_____

TELEPHONE: +1-212-455-2000

FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3073

E-mail Address
afrankel@stblaw.com

October 16, 2019

Hon. Xavier Rodriguez
United States District Judge
U.S. District Court, Western District of Texas
655 W. Cesar E. Chavez Blvd., Room G65
San Antonio, Texas 78206

  Re: *Federal Deposit Ins. Corp. v. Deutsche Bank Secs., Inc.*, No. 1-14-CV-129-
    XR (W.D. Texas, Austin Division)

Dear Judge Rodriguez:

    We write jointly on behalf of Defendant Deutsche Bank Securities Inc.
("DBSI") and Plaintiff Federal Deposit Insurance Corporation as Receiver for Guaranty
Bank ("FDIC"), to update the Court on the status of the parties' discussions concerning
exhibit objections and related trial-related procedures.

    **Objections to Exhibits**.  The Parties are continuing to make progress in
narrowing their objections to exhibits.  For example, both parties have included a substantial
number of exhibits on their respective exhibit lists for identification purposes only, and have
agreed to defer objections to such exhibits unless and until they are offered for admission
(reserving their rights to do so along with objections).  Collectively, DBSI and the FDIC
have identified hundreds of such exhibits to date, including expert-related materials, as well
as loan files and appraisal-related documents appearing as PTX 1000-L001 to 1000-L167
and PTX 2000-A001 to A185, respectively.  In addition, the parties have agreed to withdraw
objections to certain categories of exhibits, and those discussions are ongoing.

    Given the parties' progress in narrowing the number of exhibit objections,
DBSI and the FDIC propose submitting revised lists of objections in advance of this
Friday's pretrial conference.  We have also been coordinating with Ms. Fernandez to
provide Word versions of the exhibit lists, and anticipate having an expanded list of **non-
objected to** exhibits by the time of the pretrial conference so that they may be pre-admitted.

    **Demonstrative Exhibits and Aids**.  The parties respectfully request that in
lieu of exchanging demonstratives prior to trial, as contemplated in the Seventh Amended
Scheduling Order, the parties be permitted to exchange demonstratives by no later than 3:00
p.m. on the day prior to their anticipated use at trial, with the exception of demonstratives
used in opening statements which will be exchanged by both parties no later than October

Simpson Thacher & Bartlett LLP

Hon. Xavier Rodriguez                          -2-                          October 16, 2019

24, 2019.  The parties shall meet and confer to address any objections to demonstrative exhibits prior to their use.  This procedure would allow necessary flexibility for the parties to revise and develop demonstratives based on the evidence adduced at trial, and potentially narrow (if not eliminate) the number of disputes requiring the Court's resolution.

   **Deposition Designations**.  The parties recognize the need to cut down deposition designations and associated objections.  Some of the designations exchanged previously will need to be revised as a result of the Court's motions *in limine* rulings, and others will need to be revised or withdrawn entirely in the sheer interest of time.  Both parties have been working to revise their designations accordingly.  Much remains to be done, however, and thus the parties propose the following procedure:

   Although there is substantial overlap of witnesses appearing by deposition on the parties' respective witness lists, the parties agree that the testimony of each witness whose testimony is offered by video deposition will be played to the jury only once, except for good cause shown.  Unless otherwise agreed, the testimony designated by the party offering the testimony, along with the opposing party's counter-designations for completeness, will be played first.  That will be followed immediately by the opposing party's affirmative designations, along with counter-designations to that testimony for completeness.

   The parties shall exchange revised deposition designations as they are revised, on a rolling basis, prior to trial to the extent they are able to do so.

   A party calling a witness via video deposition designation will provide the other party with revised deposition designations no less than 72 hours in advance of the day the party proposes to play the testimony.

   The party against whom the testimony is offered will then provide revised counter-designations and any revised affirmative designations within 24 hours thereafter, *i.e,* 48 hours before the video would be played.

   Both parties will exchange objections within 24 hours of the exchange of revised counter-designations and affirmative designations, *i.e.*, 24 hours before the video would be played, and will meet and confer regarding their respective objections.

   Any unresolved disputes will be raised with the Court as necessary.

   **Live Witness Testimony**.  In the interest of ensuring live witnesses are available at the appropriate time, many of whom will be traveling from out of town, and to assist in scheduling and planning, the parties have agreed to the following procedure:

   By October 24, 2019, the FDIC will advise DBSI of its reasonably anticipated order of witnesses (both live and by deposition) and the date the FDIC currently expects each witness to be called.

Simpson Thacher & Bartlett LLP

Hon. Xavier Rodriguez                    -3-                    October 16, 2019

By October 28, 2019, DBSI will advise the FDIC of its reasonably anticipated order of witnesses (both live and by deposition) and the date DBSI currently expects each witness to be called.

Thereafter, the parties will provide notice of the witnesses they reasonably expect to call live in the order in which they expect to be called over the next three trial days, to be updated as necessary.

Of the three fact witnesses appearing live at trial, two have been designated by both parties, Susan Valenti (a former DBSI employee) and Thomas Raburn (a consultant for the FDIC). The parties have agreed that these witnesses need appear only once each. In the event the FDIC decides to call Ms. Valenti during its case-in-chief, she will be made available to do so (subject to any unanticipated scheduling issues). The FDIC agrees that DBSI would be permitted to ask those questions it would have asked during its case, and thus may go beyond the scope of any direct questioning by the FDIC.

Similarly, to the extent the FDIC calls Mr. Raburn during its case in chief, DBSI agrees to ask any questions it would have asked during its case in chief after his questioning by the FDIC, and thus DBSI may go beyond the scope of any direct questioning by the FDIC.

**Opening Statements**. The Court's fact sheet indicates that opening statements of between 20-30 minutes are typically permitted. Given the complexity of this case, the parties respectfully request that the Court allow each party up to one hour for opening statements.

The parties appreciate the Court's efforts and are available to discuss any of these issues in advance of and during the pretrial conference.

Respectfully Submitted,

Andy Frankel

Cc:     Shannon Ratliff, Esq.
        Kathryn Matthews, Esq.
        Paul Yetter, Esq.
        Bryce Callaghan, Esq.