IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR GUARANTY BANK, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| | § | Civil Action No. 14-cv-129-XR |
| v. | §<br>§ | |
| DEUTSCHE BANK SECURITIES INC., | §<br>§ | |
| Defendant. | §<br>§ | |

**THE FDIC'S TRIAL BRIEF ON THE JURY CHARGE**

Plaintiff the Federal Deposit Insurance Corporation as Receiver for Guaranty Bank (FDIC) respectfully submits this trial brief on the jury charge. Its purpose is to address the issue about the jury instructions that the Court raised at the pretrial conference, namely, whether to granulate the jury charge as to specific misrepresentations or omissions that are the basis of this suit.

Under Texas law, "when a statutory cause of action is submitted, the charge should 'track the language of the provision as closely as possible.'" *Borneman v. Steak & Ale of Tex., Inc.,* 22 S.W.3d 411, 413 (Tex. 2000); *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994) (same); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 937 (Tex. 1980) (same). As the Supreme Court has emphasized:

> We have said that a jury charge submitting liability under a statute should track the statutory language as closely as possible. The language may be slightly altered to conform the issue to the evidence presented in the case, but a court should not burden a jury with surplus instructions.

*Regal Finance, Ltd. v. Texas Star Motors, Inc.*, 355 S.W.3d 595, 601 (Tex. 2010) (cites omitted).

So, the Pattern Jury Charge on violations of the Texas Security Act (TSA) tracks the statutory language, and "a commonly administered PJC is often an entirely sensible place to draw the line"

-2-

against "conceivable additions." *Nester v. Textron, Inc.*, 888 F.3d 151, 157 (5th Cir. 2018). The

Pattern Jury Charge provides an example of a broad-form submission of a TSA claim:

> Did *Don Davis* commit a securities law violation against *Paul Payne*?
> A securities law violation occurred if—
>
> 1.   *Don Davis* [*sold or offered to sell/bought or offered to buy*] a security by means of either—
>
>      a.   an untrue statement of a material fact; or
>      b.   an omission to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and
>
> 2.   *Paul Payne* [*purchased the security from/sold the security to*] *him*; and
>
> 3.   *Paul Payne* suffered injury.
>
> A fact is "material" if there is a substantial likelihood that a reasonable investor would consider it important in deciding whether to [*purchase/sell*] a security, because it would significantly alter the total mix of information made available.
>
> Answer "Yes" or "No."
>
> Answer: _____

Tex. PJC-Business 105.12 (2018).

Although contrary to a broad-form submission, which is supported by the principle of

submitting statutory claims in the wording of the statute, defense counsel at the pretrial conference

defended its submission of a granulated submission of liability under the TSA. Apparently,

defendant is relying on the so-called *Casteel* principle in Texas law. In *Crown Life Ins. Co. v.

Casteel*, 22 S.W.3d 378 (Tex. 2000), the court held that, when a jury finds liability based on the

joint submission of valid and invalid theories, a new trial is required because the appellate court

cannot determine whether the jury found liability under the valid or invalid theory. *Casteel* has

even been extended to require granulation of elements of damages. *See Harris Co. v. Smith*, 96

S.W.3d 230, 235 (Tex. 2002). A complete discussion of the ramifications and results of *Casteel*

would be as lengthy as it would be unnecessary for two reasons.

First and more important, the Fifth Circuit rejects the *Casteel* approach to jury instructions.

In *Nester v. Textron*, the Court discussed what federal courts refer to as the "commingling issue."

888 F.3d at 159-60. The district court had submitted valid products liability theories, and the

defendant argued on appeal that there was no support for one of the underpinning factual theories.

The Court dismissed the argument, holding that "'a jury verdict may be sustained even though not

all the theories on which it was submitted had sufficient evidentiary support.'" *Id.* at 160 (cite

omitted). *Nester* concluded:

> No one suggests that any one of the Nesters' alternative-design theories was legally
> invalid. And Textron concedes by its silence that sufficient evidence supports at
> least two of the Nesters' designs. We therefore trust the jury to have sorted the
> factually supported from the unsupported.

*Id.*

Second, *Casteel* does not apply even in Texas courts when, as here, different facts support

a single valid theory.

> [W]e find that West Star's multiple and distinct theories argument more
> appropriately goes to the evidentiary weight of various acts of purported negligence
> and does not constitute a distinct "theory" of liability as contemplated by *Casteel.*

*W. Star Transp., Inc. v. Robison*, 457 S.W.3d 178, 185 (Tex. App.—Amarillo 2015, pet. denied).

In addition, as stated by the FDIC at the pretrial conference, the granulation of the lability question

in this case would require granulation of the defenses, if they are supported by evidence. That

would result in an unnecessarily complex jury submission, unsupported by either Fifth Circuit or

Texas law.

Finally, defendant's granulated submission sets forth only affirmative representations,

ignoring that the FDIC's claims are also based on omissions, as permitted by the language of TSA

§581-33(A)(2) (defining "Untruth or Omission" as an "untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading"). Granulating omissions is problematic because of the difficulty of developing specific language for something that was not actually spoken or written, and thus artificially confining an omission to a specific set of words. That is yet another reason why the PJC's broad-form submission, which tracks the statutory language, submits the FDIC's claim properly.

Dated: October 26, 2019

Of Counsel:

David J. Grais (*pro hac vice*)
dgrais@graisellsworth.com
Kathryn E. Matthews (*pro hac vice*)
kmatthews@graisellsworth.com
GRAIS & ELLSWORTH, LLP
950 Third Avenue
New York, New York 10022
(212) 755-0100
(212) 755-0052 (Fax)

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Bryce L. Callahan
State Bar No. 24055248
bcallahan@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4300
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)

COUNSEL FOR PLAINTIFF
FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
GUARANTY BANK

### CERTIFICATE OF SERVICE

I certify that on the 26th day of October, 2019, a copy of this pleading was served by e-service or email on all counsel of record.

*/s/ Bryce L. Callahan*
Bryce L. Callahan